UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER BLAKE FRASIER**                     **CIVIL ACTION**

**VERSUS**                                        **NO. 23-1525**

**LAUREN LEMMON, ET AL.**                         **SECTION: "R"(5)**

**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Christopher Blake Frasier, a convicted inmate housed at the Nelson Coleman Correctional Center. He names as defendants Judge Lauren Lemmon and Assistant District Attorneys, Rochelle Fahrig and Casey Dieck. Frasier alleges that he has "been judged incorrectly and even had my rights directly violated in the courts which caused psychosis P.T.S.D. and even C.P.T.S.D. which are all mental diagnosis which effects me for the remainder of my life." (Rec. doc. 5, p. 4). He requests monetary compensation "for the abuse of the authorities in the courts." (*Id*. at 5).

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, a federal court must dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any prisoner allowed to proceed *in forma pauperis*, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), if it fails to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii); or if it seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii); *see also* 42 U.S.C. § 1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that the suit be dismissed with prejudice.

Judge Lemmon, Fahrig and Dieck are absolutely immune from liability in this § 1983 suit for monetary relief. Frasier alleges that he has been "judged incorrectly," implying that he disputes the way Judge Lemmon handled his criminal trial and takes issue with her judicial decisions. However, any claim against the judge in her individual capacity is barred by absolute judicial immunity for acts performed within her jurisdictional authority. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). Because he complains generically of actions that would fall squarely within her judicial discretion when presiding over his criminal trial proceedings, judicial immunity precludes his claims against Judge Lemmon.

Similarly, Fahrig and Dieck, as assistant district attorneys, have absolutely immunity from a suit for monetary relief under § 1983 for actions taken in their role as advocates for the State of Louisiana during Frasier's criminal trial proceedings. Frasier's allegations imply that he disagrees with their handling of his case in their role as prosecutors. However, it is well settled that "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and ... presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.' " *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409,

430-31 (1976)). "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." *Willis v. Bastrop County*, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing *Green v. Texas Government*, 704 F. App'x 386, 386-87 (5th Cir. 2017)), *adopted*, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019). Thus, absolute immunity extends to alleged actions or omissions that Frasier indicates led to his being "judged incorrectly," during prosecution of his criminal case in the performance of Fahrig's and Dieck's role as advocates for the state in the courts. *Jones v. Champagne*, Civ. Action No. 22-1364, 2022 WL 5238936, at *3 (E.D. La. Sept. 16, 2022), *report and recommendation adopted*, 2022 WL 5052603 (E.D. La. Oct. 4, 2022).

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Frasier's complaint requesting monetary relief against immune defendants be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and §1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

3

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this __20th__ day of June, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.